IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE E. RUIZ PEREZ, et al.

Plaintiffs

v.

COMMONWEALTH OF PUERTO RICO, et al.

Defendants.

CIVIL NO. 98-1555(SEC)

Section 1983

## ORDER

On May 20, 1998, plaintiffs José E. Ruíz Pérez, Luis A. Lorand Irizarry, Emilio González Guanill, and Antonio E. Depombo Cobo, submitted copies of their prison trust accounts together with a joint motion to proceed in forma pauperis and joint affidavit in support. (Docket No. 2).

Pursuant to 28 U.S.C. § 1915, as amended, the Court must now assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits or the average monthly balance in plaintiffs' trust accounts.[1]

### Plaintiff José E. Ruíz Pérez

During the period encompassed between November 1997 and April 1998, plaintiff had an average monthly balance of $6.58 in his prison trust account and average monthly deposits of $58.00. In this case, the average of monthly deposits is

---

[1] The average monthly balance was calculated by adding the lowest balance reflected each month and dividing it by the number of months. The average monthly deposit was calculated by adding the monthly deposits and dividing them by the number of months.

AO 72A
(Rev.8/82)

Civil No. 98-1555(SEC)                                       Page -2-

the greater amount; 20 percent of the average monthly deposit sum of $58.00 equals $11.60.

### Plaintiff Luis A. Lorand Irizarry

During the period encompassed between November 1997 and April 1998, plaintiff had an average monthly balance of -$2.19 in his prison trust account and average monthly deposits of $28.75. In this case the average of monthly deposits is the greater amount; 20 percent of the average monthly deposit sum of $28.75 equals $5.75.

### Plaintiff Emilio González Guanill

During the period encompassed between November 1997 and April 1998, plaintiff had an average monthly balance of -$0.30 in his prison trust account and average monthly deposits of $14.17. In this case the average of monthly deposits is the greater amount; 20 percent of the average monthly deposit sum of $14.17 equals $2.83.

### Plaintiff Antonio E. Depombo Cobo

The prison trust account statement submitted by plaintiff encompasses the period between April 6 and April 28, 1998. Therefore, he has not complied with the statutory requirement to proceed in forma pauperis.

In order to proceed in forma pauperis and to enable the Court to assess the initial partial filing fee, a prisoner must now file, in addition to an affidavit listing all assets, a certified copy of the prison trust account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Civil No. 98-1555(SEC)   Page -3-

Accordingly, plaintiff should obtain a certified copy of his prisoner account statement from the appropriate official at Wackenhut Correction Corporation's Bayamón Correctional Facility.

WHEREFORE, the joint Motion to Proceed in Forma Pauperis (Docket No. 2) is GRANTED IN PART as to plaintiffs Ruíz Pérez, Lorand Irizarry and González Guanill. Plaintiff Depombo Cobo is granted a term of twenty (20) days to submit certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, that is, from November 1997 to April 1998, inclusive. Assessment of an initial partial filing fee is, therefore, held in abeyance to allow plaintiff Depombo Cobo to comply with this Order. Should plaintiff Depombo Cobo fail to timely comply with this Order, he shall be stricken from the complaint without prejudice to his filing a separate complaint.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3d day of September, 1999.

SALVADOR E. CASELLAS
U.S. DISTRICT JUDGE

AO 72A
(Rev.8/82)