IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE E. RUIZ PEREZ, et al.

Plaintiffs

v.

COMMONWEALTH OF PUERTO RICO,
et al.

Defendants

CIVIL NO. 98-1555(SEC)

Section 1983

## ORDER

Plaintiff Depombo Cobo has filed a motion informing the Court that neither he nor the officers at Wackenhut Corrections have been able to obtain certified copy of his prisoner trust account statement from MDC Guaynabo for the period of time he was incarcerated therein, that is, August 1997 through March 1998. Plaintiff requests additional time to obtain said information and an order directing MDC Guaynabo to forward same to plaintiff so that he may comply with the Court's September 3, 1999 Order.

Plaintiff Depombo Cobo also requests that the Court authorize the filing of motions without the signatures of the other plaintiffs since it is difficult for him to obtain their signatures because they are no longer in custody.

WHEREFORE, in view of the above, the Court orders as follows: (1) plaintiff is granted an additional 20 days, from the date of this Order, to comply with submission of a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint, as per Order of September 3, 1999;

AO 72A
(Rev 8/82)

Civil No. 98-1555(SEC)                                                                                      Page -2-

(2) the Clerk is directed to forward copy of this Order, accompanied with copy of plaintiff's Informative Motion (Docket No. 10), to the Warden of MDC Guaynabo so that the latter may forward copy of plaintiff Depombo Cobo's prison trust account statement to the pertinent officers at Wackenhut Corrections; (3) plaintiffs Ruíz Pérez, Lorand Irizarry and González Guanill are granted a term of ten days, from the date of this Order, to inform the Court whether they are interested in continuing with this litigation; (4) specifically, plaintiff Lorand Irizarry must file an updated Motion to Proceed in Forma Pauperis and cannot benefit from partial filing fee payments since he is no longer a prisoner; (5) the initial partial filing fee assessment in the order of September 3, 1999 (Docket No. 8) is vacated as to plaintiff Lorand Irizarry; (6) all plaintiffs are advised that they have an affirmative obligation to keep both the court and the defendants advised of his whereabouts and that failure to do so will be construed as a failure to comply with both the rules and an order of this court, and may result in the dismissal of this action. See Fed. R. Civ. P. 41(b). Failure to comply within the time limits set forth in this Order will entail dismissal of the complaint.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 5 day of November, 1999.

SALVADOR E. CASELLAS
U.S. DISTRICT JUDGE