UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE E. RUIZ PEREZ, et als.

**Plaintiff(s)**

v.                                   CIVIL NO. 98-1555 (JAG)

COMMONWEALTH OF PUERTO RICO,
et als.

**Defendant(s)**

---

### MEMORANDUM & ORDER

Plaintiff José E. Ruiz ("Ruiz") brought suit against the Commonwealth of Puerto Rico and other defendants on May 21, 1998. On January 16, 2001, the Court ordered the parties to meet and provide the Court with information requested in a questionnaire. Ruiz never complied with the Court's order. On February 6, 2002, the Court ordered Ruiz to show cause by February 21, 2002, why he had failed to answer the Court's questionnaire and why he had failed to appear in the case since December 1, 1999.

On February 21, 2002, Ruiz appeared through counsel, José R. Santiago, and requested from the Court an extension of 30 days to study the case in order to decide if he would appear as Ruiz's legal representative and properly answer the Court's order to show cause. The Court granted counsel Santiago until March 21, 2002 to appear as Ruiz's legal representative and to respond to the Court's order to show cause. On March 21, 2002, Counsel Santiago filed a


AO 72A
(Rev.8/82)

Civil No. 98-1555 (JAG) 2

motion assuming Ruiz's legal representation. Counsel Santiago averred that Ruiz failed to make an appearance since December 1, 1998, because Ruiz "confronted emotional problems that kept him in a state of depression." (Docket 23 at 1). Counsel Santiago further averred that Ruiz, as a pro se plaintiff, did not understand the judicial proceedings of this Court. (Id. at 2).

The Court has carefully considered these arguments, and finds that Ruiz has failed to show cause for his prolonged default. First, Counsel Santiago did not furnish this Court with competent medical evidence indicating that Ruiz suffered from a medical condition that effectively impaired his ability to appear before this Court during the past three years. Second, given the length of Ruiz's default and his noncompliance with Court orders, which is not to be lightly tolerated, a sworn statement from Ruiz, in addition to medical evidence, should have been filed. Finally, Counsel Santiago's submission does not address Ruiz's failure to answer the Court's questionnaire nor does it contain the answers to the questionnaire, thus perpetuating his non-compliance with this Court's Order of January 16, 2001.

Accordingly, in light of Ruiz's total failure to show cause, the Court dismisses his federal claims pursuant to Fed. R. Civ. P.41(b) for lack of prosecution and for failure to comply with Court orders. The Court declines to exercise its supplemental

jurisdiction over Ruiz's state law claims under 28 U.S.C. § 1367 and they are hereby dismissed without prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge